UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SLB Milbank, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Wapiti Medical Group Limited Company, <br><br> Defendant. | Case No. __1:24-cv-1003__ <br><br><br> **COMPLAINT** |

COMES NOW the Plaintiff, SLB Milbank, LLC ("Plaintiff" or "SLB"), and for its cause of action against the Defendant ("Defendant" or "Wapiti"), states and alleges as follows:

1. Plaintiff SLB Milbank, LLC is a Kentucky limited liability company with a principal place of business located at 231 S 5th St Ste 200, Louisville, KY, 40202.

2. Defendant Wapiti Medical Group Limited Company is a South Dakota limited liability company, existing under the laws of the State of South Dakota, with a principal place of business located at 107 Flynn Drive, Ste. 600, Milbank, SD 57252.

3. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this complaint is between citizens of different states.

4. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant leases property and conducts business in this District, and/or is subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

6. Plaintiff incorporates the preceding paragraphs by reference.

7. Plaintiff owns certain real estate located in the City of Milbank, County of Grant, South Dakota, commonly known as 107 Flynn Drive (the "Property") and more particularly described in **Exhibit A**. *See* Exhibit A, Legal Description of Real Property.

8. On or about March 21, 2014, Defendant entered into a lease agreement (the "Lease") with Milbank Insurance Company to lease three thousand (3,000) square feet of the sixth (6th) floor of the Property to be used for office space. *See* **Exhibit B**, March 21, 2024 Lease Agreement.

9. On or about January 14, 2015, Defendant entered into the "First Lease Amendment" to the Lease with Milbank Insurance Company. *See* **Exhibit C**, January 14, 2015 First Lease Amendment.

10. On or about January 9, 2017, Defendant Entered into the "Second Lease Amendment" to the Lease with Milbank Insurance Company. *See* **Exhibit D**, January 9, 2017 Second Lease Amendment.

11. The Second Lease Amendment expanded the demised premises from three thousand (3,000) square feet to six thousand (6,000) square feet of the sixth (6th) floor of the Property (hereinafter the "Leased Premises"). *See* Exhibit D.

12. The Second Lease Amendment extended the lease term through March 31, 2024. *See* Exhibit D.

13. The Second Lease Amendment contains rental amounts as follows:

    a. March 1, 2017 – March 31, 2017:      $6,400.00 per month ($12.80/SF);
    b. April 1, 2017 – March 31, 2019:      $6,800.00 per month ($13.60/SF);
    c. April 1, 2019 – March 31 2021:       $7,200.00 per month ($14.40/SF);
    d. April 1, 2021 – March 31, 2023:      $7,600.00 per month ($15.20/SF);
    e. April 1, 2023 – March 31, 2024:      $8,000.00 per month ($16.00/SF).

*See* Exhibit D.

14. On or about January 12, 2020, Plaintiff purchased the Property from Milbank Insurance Company. *See* **Exhibit E**, Recorded Deed for Property.

15. On or about January 12, 2020, and in consideration for the purchase of the Property, Milbank Insurance Company duly assigned the Second Lease Amendment to Plaintiff. *See* **Exhibit F**, Assignment and Assumption of Leases and Contracts agreement.

16. The sixth (6th) floor of the Property consists of approximately ten thousand eight hundred sixty-eight (10,868) square feet, of which approximately ten thousand two hundred twenty-six (10,226) square feet are rentable.

17. Article XIX, Section 1 of the Lease states: "Lessor agrees that Lessee shall have the right of first refusal to lease any available adjacent space on the sixth floor ("Available Space")." *See* Exhibit B, p. 7.

18. Article XIX, Section 1(a) of the Lease states: "In the event Lessee desires to lease all or part of the Available Space, Lessee will give written notice to Lessor which shall include the location of and number of square feet of Available Space and the term that Lessee desires. If such terms are acceptable to Lessor, Lessor and Lessee shall execute an amendment to this Lease reflecting such terms." *See* Exhibit B, p. 7.

19. Article IX (Alterations) of the Lease states: "Lessee may not during the term of this Lease make changes or improvements to the demised premises unless Lessor consents in writing to the changes or improvement, before any work is commenced." *See* Exhibit B, p. 4.

20. Upon information and belief, prior to Plaintiff purchasing the Property, Defendant Wapiti made extensive renovations to the sixth (6th) floor of the Property. These renovations

3

include, but are not limited to, the construction of walls and appurtenances desired by Defendant.

21. Defendant failed to request and obtain written consent from Milbank Insurance Company for the construction of the walls and appurtenances.

22. The illicit construction of walls and appurtenances obstructed the design-load airflows of the recessed HVAC systems on the sixth (6th) floor plenum, a fact acknowledged by Defendant.

23. The obstructions to the design-load airflows caused Plaintiff to have to spend additional sums on heating and cooling in the sixth (6th) floor, as well as providing temporary space heaters to Defendant.

24. From 2020 through 2022, without prior consent or notice, Defendant began utilizing the remaining four thousand two hundred twenty-six (4,226) square feet (hereinafter the "Available Space"). During this period, Defendant set up conference tables for large meetings, work areas, and installed storage for documents, files, office equipment and supplies in the Available Space.

25. In 2022, pursuant to Article XIX, Section 2 of the Lease, Defendant requested the use of a collection of cubicles owned by Plaintiff. Defendant was entitled to use the cubicles owned by Plaintiff during the term of the Lease, however, they remain property of Plaintiff. *See* Exhibit B.

26. In 2022, without prior consent or notice, Defendant erected these cubicles in the Available Space.

27. Defendant utilized the newly constructed cubicles as additional office space.

28. Upon information and belief, Defendant utilized the newly constructed cubicles to add additional employees to the sixth (6th) floor of the Property.

29. At no time did Defendant provide notice to Plaintiff of its intention to occupy any portion of the Unleased Portion of the sixth floor, i.e., Available Space, as required pursuant to Article XIX, Section 1(a) of the Lease.

30. Defendant has failed to pay additional rent to Plaintiff for utilizing the Available Space.

31. Defendant's utilization of the Available Space has caused Plaintiff to expend additional costs to heat and cool the unleased space, has caused additional wear and tear upon the unleased portion of the Property, and additional wear and tear upon the common areas of the Property, including but not limited to, parking lots, elevators, lobbies, and restrooms.

32. Defendant's utilization of the Available Space precluded Plaintiff from leasing the same to an additional tenant, or requiring Defendant to exercise its Right of First Refusal.

## COUNT I
## BREACH OF CONTRACT

33. Plaintiff incorporates the preceding paragraphs by reference.

34. Defendant's Lease and subsequent amendments thereto allowed Defendant to lease six thousand (6,000) square feet from Plaintiff.

35. In consideration for entering into the Lease, Defendant was to pay to Plaintiff monthly rental payments as described *supra*.

36. Defendant breached the Lease as follows:

    a. Defendant failed to notify Plaintiff of Defendant's desire to lease all or part of the Available Space as required under Article XIX, Section 1(a) of the Lease;

5

  b. Defendant failed to present Plaintiff with a rental term desired by Defendant for the use of the Available Space as required by Article XIX, Section 1(a) of the Lease;

  c. Defendant constructed enclosed office spaces both in the Leased Space and the Available Space without obtaining prior approval of Plaintiff;

  d. Defendant utilized the Available Space of the Property for storage and exercise;

  e. Defendant constructed office cubicles and meeting spaces within the Available Space;

  f. Defendant utilized the Available Space to allow more employees to work in the Property.

37. Due to Defendant's breach of the Lease, Plaintiff has suffered damages.

## COUNT II
## UNJUST ENRICHMENT

38. Plaintiff incorporates the preceding paragraphs by reference.

39. Defendant utilized the Available Space, approximately four thousand two hundred twenty-six (4,226) square feet that Defendant was not entitled to pursuant to the Lease.

40. Defendant had actual knowledge that Defendant was not entitled to utilize the Available Space without compensation to Plaintiff.

41. Defendant had actual knowledge that if Defendant intended to utilize the Available Space, Defendant was to present a rental term to Plaintiff and negotiate a separate amendment to the Lease with Plaintiff.

42. Defendant has used the Available Space since at least 2020 for the benefit of Defendant. Defendant has knowledge of the benefit conferred upon it by Plaintiff.

6

43. Defendant failed to compensate Plaintiff for Defendant's use of the Available Space, and have accepted or retained the benefit.

44. Defendant has been unjustly enriched by using the Available Space without adequately compensating Plaintiff. It would be unequitable for Defendant to retain the benefit conferred upon it by Plaintiff without paying fair value for it.

45. Due to Defendant's unjust enrichment, Plaintiff has suffered damages.

## COUNT III
## TRESPASS UPON REAL PROPERTY

46. Plaintiff incorporates the preceding paragraphs by reference.

47. Defendant is entitled to utilize the common areas of the Property along with the Leased Premises, totaling six thousand (6,000) square feet.

48. Defendant entered onto the Available Space, an area of the Property owned by Plaintiff that Defendant was not entitled to enter.

49. Defendant utilized and is now still using the Available Space without the approval of Plaintiff.

50. Defendant utilized and is now still using the unleased portion of the sixth floor to the benefit of the Defendant.

51. Due to Defendant's trespass, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against the Defendant, Wapiti Medical Group Limited Company, in that this Court grant the following relief:

A. Award Plaintiff damages in an amount to be proven at trial, but in excess of $75,000.00, for Defendant's Breach of Contract, Unjust Enrichment, and Trespass;

B. Order Defendant to vacate the unleased portion, i.e., Available Space, of the Property;

7

C.  Award Plaintiff its costs and disbursement of this action, including reasonable attorney fees; and

D.  Award Plaintiff such other relief as the Court deems just and equitable.

Dated this 15th day of February, 2024.

                                        **MYERS BILLION**, LLP

By: */s/ Berkley F. Fierro*
    Steven J. Morgans
    Berkley F. Fierro
    *Local Counsel for SLB Milbank, LLC*
    230 S. Phillips Ave., Suite 300
    P.O. Box 1085
    Sioux Falls, SD  57101-1085
    Phone: (605) 336-3700
    Fax: (605) 336-3786
    E-mail: smorgans@myersbillion.com
    E-mail: bfierro@myersbillion.com


    MICHAEL J ROCK, PLLC
    Michael J. Rock (P77730)
    *Attorney for Plaintiff*
    **pro hac vice forthcoming*
    3024 Thomas Ave.
    Berkley, MI 48072
    (248)587-7513
    Michael.rock@mrocklaw.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SLB Milbank, LLC

**DEFENDANTS**
Wapiti Medical Group Limited Company

**(b)** County of Residence of First Listed Plaintiff: Jefferson County, KY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Grant County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven J. Morgans and Berkley F. Fierro
230 S. Phillips Ave., Ste. 300, Sioux Falls, SD 57104
605-336-3700

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332; 28 U.S.C. Sec. 1391

Brief description of cause:
Breach of contract related to lease agreement, failure to pay amounts due for rental space occupied, and ejectment.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** >$75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: N/A
DOCKET NUMBER: _____

DATE: 2/15/2024
SIGNATURE OF ATTORNEY OF RECORD: *Berkley Fierro*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____